```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KFC CORPORATION<br><br>          Plaintiff,<br><br>    v.<br><br><br>SANLIN OF GLASSBORO, INC.,<br>et al.<br><br>          Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-2106<br>         (JEI/AMD)<br><br>**MEMORANDUM ORDER GRANTING<br>MOTION FOR ENTRY OF FINAL<br>JUDGMENT BY DEFAULT<br>(Docket #11)** |

**APPEARANCES:**

CONNELL FOLEY, LLP
By:  Jeffrey L. O'Hara, Esq.
     Bryan Paul Couch, Esq.
85 Livingston Avenue
Roseland, NJ 07068
     Counsel for Plaintiff

**IRENAS**, Senior District Judge:

   This matter having appeared before the Court upon Plaintiff's Motion for the Entry of Final Judgment by Default pursuant to Fed. R. Civ. P. 55, (Dkt. No. 11), the Court having reviewed the motion, and it appearing that:

   1.  Plaintiff KFC Corporation ("Plaintiff") initiated this action on April 29, 2008, against Defendants Sanlin of Glassboro, Inc., Sanlin of Turnersville, Inc., John D. Monte, and Maurus N. Petruzzi (collectively "Defendants"), via a five count Complaint. Plaintiff captioned those five counts as: (1) Declaratory

1

Judgment; (2) Breach of Contract - Franchise and Advertising Agreements; (3) Breach of Contract - Guaranty Agreements; (4) Trademark Infringement; and (5) Federal Unfair Competition.

2.   Each Defendant was properly served with process in this matter.  (See Dkt. Nos. 4-7)

3.   Defendants have not answered the Complaint, nor have they filed any other responsive pleading.  At Plaintiff's request, (Dkt. No. 8), the Clerk of Court entered default against all Defendants on July 18, 2008.  As a result, this Court will "accept as true the well-pleaded factual allegations of the complaint," in evaluating the merits of Plaintiff's current motion for default judgment.  *Napp Techs., L.L.C. v. Kiel Labs., Inc.*, No. 04-3535, 2008 WL 5233708, at *3 (D.N.J. Dec. 12, 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

4.   Plaintiff licensed Defendants Sanlin of Glassboro, Inc. and Sanlin of Turnersville, Inc. (collectively "Franchisees") to operate two Kentucky Fried Chicken franchise restaurants— one in Glassboro, New Jersey, and the other in Turnersville, New Jersey. (Compl. ¶¶ 6-8)

5.   The business relationship between Plaintiff and Franchisees was generally governed by their respective Franchise Agreements.  (See Compl. ¶¶ 6-9)  Pursuant to those agreements, Franchisees were authorized to use Plaintiff's trademarks,

service marks, and food preparation methods.  (Compl. ¶ 8)  In return, Franchisees were obligated to pay monthly royalties to Plaintiff.  (Compl. ¶ 9)

6.   Franchisees also executed advertising agreements with the KFC National Council and Advertising Cooperative ("National Co-Op").  (Compl. ¶ 10)  Pursuant to those agreements, Franchisees were required to pay monthly advertising fees to the National Co-Op.  (Compl. ¶ 11)

7.   John D. Monte and Maurus N. Petruzzi each signed guaranty agreements with Plaintiff, therein agreeing to guarantee the performance of Franchisees' obligations to Plaintiff. (Compl. ¶ 12)

8.   On June 26, 2006, Plaintiff terminated Sanlin of Turnersville's Franchise Agreement for failure to remit royalties and advertising fees.  (Compl. ¶¶ 14-16)  On November 22, 2006, Sanlin of Turnersville was reinstated by Plaintiff as a franchisee for the limited purpose of selling the Turnersville restaurant location, with such reinstatement to terminate on May 20, 2007.  (Compl. ¶¶ 17, 20)  Sanlin of Turnersville did not sell the location.  (See Compl. ¶¶ 18-19)  By letter dated June 8, 2007, Plaintiff advised Sanlin of Turnersville that its Franchise Agreement had terminated on May 20, 2007.  (Compl. ¶ 20)

9.   On January 25, 2008, Plaintiff terminated Sanlin of

Glassboro's Franchise Agreement due to nonpayment of royalties and advertising fees. (Compl. ¶¶ 21-24)

10. Franchisees were required to take certain steps upon the termination of their franchise agreements, including: (1) to immediately cease doing business as Kentucky Fried Chicken restaurants; (2) return confidential materials to Plaintiff; and (3) de-image the Glassboro and Turnersville restaurant locations. (Compl. ¶ 25)

11. Franchisees continued to operate as Kentucky Fried Chicken restaurants after the termination of their authority to do so. (See Compl. ¶¶ 27-34) The Complaint states that "[u]pon information and belief," Franchisees continued to display Plaintiff's trademarks until April 16, 2008.[1] (Compl. ¶ 35)

12. On September 30, 2008, the parties filed a Permanent Injunction by Consent with this Court. (Dkt. No. 9) Therein, Defendants agreed to be permanently enjoined and restrained from a variety of conduct, including but not limited to: (1) use of Plaintiff's trademarks or food preparation methods; (2) occupation of any premises incorporating features or equipment distinctive to Plaintiff; and (3) the production and sale of

---

[1] In an affidavit offered in support of Plaintiff's Motion for Entry of Final Judgment by Default, Michael C. White asserted that "[u]pon information and belief, Defendants continue[d] to use the [Plaintiff's] Marks as of the date of [his] Affidavit." (Affidavit of Michael C. White ¶ 37) White's affidavit was dated September 25, 2008.

4

chicken at a location within ten miles from the former Kentucky Fried Chicken restaurants in Glassboro or Turnersville for a period of one year.  The permanent injunction was signed by John D. Monte and Maurus N. Petruzzi as individuals, and by John D. Monte as an officer of Sanlin of Glassboro and Sanlin of Turnersville.

13.  A party is not entitled to the entry of a default judgment as a matter of right; the entry of such a judgment "is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

14.  Three factors determine if a judgment of default should enter:  whether "(1) a denial would prejudice the plaintiff; (2) the defendant appeared to have a litigable defense; and (3) the defendant's delay was caused by culpable conduct."  *Husain v. Casino Control Comm'n*, 265 F.App'x 130, 133 (3d Cir. 2008) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).  The Third Circuit has a "well-established policy of 'disfavoring default judgments and encouraging decisions on the merits.'" *Id.* (quoting *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 981 (3d Cir. 1988)).

15.  The entry of default judgment is merited in this case. Plaintiff will be prejudiced if no default judgment is entered, as it has no other means of vindicating its monetary claims

against Defendants.[2]  Aside from entering into the Permanent Injunction by Consent, Defendants have not responded in any fashion to the Complaint.  No possible defense or excusable reason for default has been offered.

    16.  Plaintiff seeks a judgment in the amount of $244,764.66 against Defendants, comprised of the following:

    (a) Damages in the amount of $22,251.01 for sums owed under the franchise and advertising agreements, plus interest on those unpaid balances.  Specifically, Plaintiff seeks: (i) $18,615.93 in unpaid royalties and advertising fees from Sanlin of Glassboro, along with $2,616.27 in interest, (White Aff. ¶¶ 38, 39), and (ii) $805.04 in unpaid royalties and advertising fees from Sanlin of Turnersville, in addition to $213.77 in interest, (White Aff. ¶¶ 40, 41).

    (b) Damages in the amount of $203,671.20 for trademark infringement.  Specifically, Plaintiff seeks: (i) $110,254.08 in damages based on infringement by Sanlin of Glassboro, calculated at a rate of $4,593.92 per month for an eight month period, and trebled for "deliberate and willful" infringement, (White Aff. ¶ 44), and (ii) $93,417.12 in damages based on infringement by Sanlin of

---

[2] In light of the agreement by Defendants to refrain from the types of conduct proscribed by the permanent injunction, the Court need not enter a declaratory judgment against Defendants; Plaintiff has successfully vindicated its desire for such relief.

      Turnersville, calculated at a rate of $1,946.19 per month for a sixteen month period, and trebled for "deliberate and willful" infringement, (White Aff. ¶ 45).

      (c) Damages in the amount of $18,842.45 for attorneys' fees and costs, comprised of $15,250.50 in attorneys' fees and $3,591.95 in costs. (Affidavit of Jeffrey O'Hara ¶¶ 11, 13)

    17. The Court is not required to accept as true Plaintiff's factual allegations pertaining to the amount of damages. *Napp Techs., L.L.C. v. Kiel Labs., Inc.*, No. 04-3535, 2008 WL 5233708, at *3 (D.N.J. Dec. 12, 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

    18. Plaintiff has supplied insufficient information in support of its claim of entitlement to damages in the amount of $203,671.20 for trademark infringement. According to the Affidavit of Michael C. White, the measure of infringement damages was "calculated by multiplying the average monthly Royalties and Advertising Fees throughout the KFC System by the number of months in which Defendants engaged in the unauthorized use of the KFCC Marks." (White Aff. ¶ 43) By reference to "actual and estimated sales throughout the KFC System," White determined that Sanlin of Glassboro "would have been required to pay an average of [$4,593.92] in Royalties and Advertising Fees per month" for an eight month period of infringement. (White Aff. ¶ 44) Also by reference to "actual and estimated sales

throughout the KFC system," White determined that Sanlin of Turnersville "would have been required to pay an average of $1,946.19 in Royalties and Advertising Fees per month" for a sixteen month period of infringement.  Plaintiff has not provided any supporting documents, statistics, or methodology to justify White's calculations of infringement damages.  In the absence of sufficient information to substantiate Plaintiff's allegation of entitlement to $203,671.20 in infringement damages, the Court will not enter judgment for that amount.

And for good cause appearing;

**IT IS**, on this ___3rd___ day of April, 2009,

**ORDERED THAT**

1. Plaintiff's Motion for Entry of Final Judgment by Default against Defendants is hereby **GRANTED**;

2. A monetary judgment is **AWARDED** to Plaintiff in the amount of $41,093.46.  The monetary judgment is comprised of (a) $22,251.01 for unpaid sums due under the franchise and advertising agreements, along with corresponding interest and (b) $18,842.45 for attorneys' fees and costs.

3. The Clerk of Court is directed to close this file.[3]

                                           s/ Joseph E. Irenas
                                           **JOSEPH E. IRENAS, S.U.S.D.J.**

---

[3] Plaintiff is permitted to seek an amendment to the judgment to include an award of damages for trademark infringement via an appropriate motion.

8